### CLEAR CREEK OIL & GAS CO. v. FT. SMITH SPELTER CO. et al.

(Circuit Court of Appeals, Eighth Circuit. June 9, 1921.)

No. 5581.

1. **Specific performance ⊛114(1)—Allegations of complaint held to form no basis for equitable relief.**

Allegations of complaint praying for specific performance and damages for past violations *held* to form no basis for equitable relief; the nub of the complaint being that defendants will pay only four cents for gas when it is claimed that they should pay eight cents therefor, and they not being alleged to have refused to take the amount of gas which it is claimed they should take.

2. **Estoppel ⊛90(2)—Delay of defendants to indicate their attitude while plaintiff was drilling for gas on the assumption of a contract by them to take it at a certain price held not to work an estoppel.**

In view of prior contracts by plaintiff to furnish defendants gas at four cents, they to have a preference, *held*, their delay for six weeks to indicate their attitude while plaintiff was drilling for more gas, on the assumption of a new contract by defendants and others to take it at eight cents, did not work an estoppel.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by the Clear Creek Oil & Gas Company against the Ft. Smith Spelter Company and others. From an adverse judgment, plaintiff brings error. Affirmed.

Joseph M. Hill and Henry L. Fitzhugh, both of Ft. Smith, Ark., for plaintiff in error.

Harry P. Daily and John P. Woods, both of Ft. Smith, Ark., and T. M. Mehaffy, of Little Rock, Ark., for defendants in error.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

⊛For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

STONE, Circuit Judge. Plaintiff in error (called Gas Company) filed its petition against the Spelter Company, the Zinc Company, and the Athletic Company, praying specific performance of a contract and damages for past violations thereof. After overruling motion attacking the jurisdiction of the court as a court of equity, the court heard the evidence, and being then of the opinion that "the court as a court of equity is without jurisdiction of this cause, that the issue is solely an issue of fact, that the jurisdiction thereof is at law, and that this cause should be transferred to the law docket," made the order of transfer, allowing the Gas Company its exception. Thereafter, the case was tried to a jury. During the trial a settlement was made with the Athletic Company, and no recovery thereafter sought against it. From judgment on a verdict directed for the Spelter and Zinc Companies, the Gas Company has prosecuted this writ of error.

The contentions here urged by the Gas Company, as stated in the brief, are:

1. The complaint states a good cause of action for specific performance.

2. The plaintiff's remedy at law is inadequate, and a bill in equity is proper.

3. The complaint alleges a good cause of action based on an equitable estoppel, and the court should have given the relief, or, after it was transferred to the law docket, submitted the facts to the jury.

The Gas Company treats the first two points together as being related, and contends that it was entitled to a decree of specific performance. To understand this contention it is necessary to have in mind the following allegations made by it: It contended that it had separate agreements with the Spelter and Zinc Companies to furnish them with certain quantities of natural gas at 4 cents per 1,000 c. f., and giving them in the above order priority over other customers, and that it was obligated to make reasonable exploitations and explorations to assure the required quantities of gas; that its supply materially diminished, and controversies arose as to its duty to make further search for gas; that a suit was brought by other users to prevent cutting off of their supplies to comply with the claimed priority rights of the above companies; that before trial of the above suit, gas was discovered in large quantities by another driller on property near its leases, and the Gas Company at once commenced drilling a well near this new well, resulting in obtaining a good supply of gas and in proving that the new field was a valuable gas producer; that in this new field was an unleased tract of 160 acres belonging to Cazort, which was valuable for gas development; that during the trial of the above suit, a conference was held, the representatives of all parties except the Zinc Company being present; that it was then agreed that the Gas Company would contract for Cazort to drill three wells, it would drill four, and all parties would pay for gas furnished at 8 cents per 1,000 c. f., if consent of the Zinc Company to pay that rate was secured, and when 8,300,000 c. f. were furnished; that the Zinc Company had theretofore said that it would pay 8 cents if all others did; that, relying upon its ability to procure

the consent of the Zinc Company, it immediately set about carrying out its portion of the above agreement, and opened negotiations with Cazort; that it at once wired the Zinc Company of the situation and asked its approval; that the Zinc Company assured it that it would pay 8 cents if the other smelters did; that the Zinc Company afterwards expressed its willingness to pay 8 cents when the others did; that the Gas Company made the Cazort contract and itself proceeded to sink new wells; the Zinc and Spelter Companies knew that a valid contract existed, subject to consent of the Zinc Company, and knew that the Gas Company was proceeding to and making expenditures in carrying out that contract; that they, although so informed, remained silent during such activities for more than two months; that relying upon the existence of such a contract with the Spelter and Zinc Companies, the Gas Company refused customers, who made contracts elsewhere, so that it can no longer dispose of large quantities of its gas, except to these two companies; that if not disposed of to them, its gas will be drained by other producers and lost; that it is threatened with insolvency, unless the contract with these companies is carried out; that they refuse to pay more than 4 cents for gas.

On these allegations of fact, the Gas Company bases the following legal conclusions, entitling it to equitable relief: That the action of the two companies in thus remaining silent was a fraud upon it; that had they promptly repudiated the contract, the Gas Company would have discontinued its operations and saved itself serious loss; that legal remedy by shutting off gas or suing for breach of contract would be inadequate and produce a multitude of suits; that legal remedies would not relieve it from threatened insolvency; that where it has performed and the other party refuses performance on the ground of lack of mutuality, statute of frauds, lack of consideration, or other cause, it will be compelled to perform; that its damages are impossible of proof.

[1] The trial court overruled a motion aimed at its jurisdiction as a court of equity, but after hearing the evidence as a court of equity it decided the case was purely one at law for the recovery of money, and transferred the case to the law docket. We think the court was right, as the above allegations form no basis for equitable relief. The defendant companies are not alleged to have refused to take the amount of gas which plaintiff claims they should take, nor is there any doubt, in the evidence, that they are willing to and are taking such gas. The nub of plaintiff's complaint is that they will pay only 4 cents per 1,000 c. f., when it claims they should pay 8 cents therefor. If the difference in rate were paid by defendants, plaintiff would secure all it claims was due it, for failure to so pay is the only essential particular in which it complains that they have violated the contract, which it contends governs the parties. The only substantial questions in the case were whether the parties made a binding contract to pay 8 cents, and, if so, what amount should be recovered by plaintiff for their refusal to pay more than 4 cents. But if the allegations of the petition could have an equitable aspect, the evidence introduced in the equity case, not here preserved, may have been convincing as to the real character of the

controversy. Consolidated Fuel Co. v. Ry. Co. (8th Cir.) 250 Fed. 395, 162 C. C. A. 465, seems in point.

[2] The other grounds urged by the Gas Company are that—

"The complaint states a good cause of action on equitable estoppel, and the court should have given the relief, or after it was transferred to the law docket, submitted the case to the jury."

Whether the court should have given the relief sought, or should have submitted the case, depends upon the evidence. It claims estoppel based on its having proceeded with performance of its alleged contract without notice by the two companies that they recognized no such contract. The acts which it says the new contract imposed upon it, and which it performed, were to procure Cazort to drill three wells, and to drill four wells itself. The evidence is conclusive that immediately after the above conference, and before it had heard whether the Zinc Company would join in the contract, it made its contract for drilling four additional wells and wired Cazort concerning a contract which was later executed. The Gas Company claims, however, and offered to prove, that they could have canceled these arrangements had the companies promptly notified them of their refusal to recognize the contract when informed by letter of April 2d of the status and its attitude in claiming the existence of a contract. We have examined the evidence, giving particular attention to that indicated by counsel, and it seems clear that there was never any completed new contract, and in view of the undisputed relation of the parties and the existence of the earlier contracts, we do not think the delay of six weeks by the companies in indicating their attitude can, under the circumstances here present, possibly be construed into an estoppel.

The verdict was properly directed, and the judgment should be, and is, affirmed.